UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LUCCHINI MAME FORGE S.P.A.,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Court No. 26-cv-04662 |

**COMPLAINT**

1. Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Lucchini Mame Forge S.p.A. ("Lucchini"), by and through its counsel, contests the final results of the Department of Commerce in the antidumping duty administrative review of forged steel fluid end blocks from Italy. The contested determination was published as *Forged Steel Fluid End Blocks From Italy: Final Results of Antidumping Duty Administrative Review; 2024*, 91 Fed. Reg. 66,098 (Dep't of Commerce Oct. 19, 2026) ("*Final Results*"), and accompanying Final Issues and Decisions Memorandum ("*Final I&D*").

2. This case is about whether Commerce – 6 months before the preliminary results and 13 months before the final results – should have allowed Lucchini to correct an error in one of its timely submissions. The error was due to an inadvertent oversight and mix up of electronic files – SAS files of U.S. sales and costs databases. All relevant information was on the record, but Lucchini submitted the wrong SAS file. Lucchini formally asked Commerce to allow Lucchini to file the correct electronic file within the next two days, but Commerce delayed its answer for more than 4 months (not including the 47 days the government was shut down in 2025). Commerce met with Lucchini, but did not respond to its request to submit the correct file

until Lucchini decided it could not wait longer because only a month remained before the preliminary results. Lucchini submitted the correction one week after the meeting, despite Commerce's continued delay responding to Lucchini's request. After Lucchini submitted the original, correct SAS file, Commerce immediately denied Lucchini's request and removed the SAS file from the record. In the preliminary results, Commerce declared that the error in Lucchini's submission meant Lucchini had failed to cooperate to the best of its ability and punished Lucchini's inadvertent oversight with an adverse facts available (AFA) rate of 21.97% – almost double Lucchini's 11.71% calculated rate from the prior review, and almost 20 times Lucchini's 1.41% calculated rate from the review before that. After petitioners argued that Commerce should punish Lucchini with the highest justifiable AFA rate, Commerce changed the AFA rate for the final results to 58.48%. Lucchini appeals Commerce's decision not to allow the error correction, and consequent punishment. The Court should rule that Commerce abused its discretion by failing to accept the correction early in the proceeding and remand for Commerce to accept the correction and calculate Lucchini's margin.

## JURISDICTION

3. Paragraphs 1-2 are re-alleged and incorporated herein by reference.

4. This action challenges certain factual findings, legal conclusions, and determinations in Commerce's *Forged Steel Fluid End Blocks From Italy: Final Results of Antidumping Duty Administrative Review; 2024*, 91 Fed. Reg. 66,098 (Dep't of Commerce Oct. 19, 2026) ("*Final Results*"). This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. §1516a(a)(2).

5. The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

**STANDING**

6. Paragraphs 1 to 5 are re-alleged and incorporated herein by reference.

7. Plaintiff Lucchini is a producer and exporter of forged steel fluid end blocks from Italy.

8. Plaintiff was a party to and participated in the underlying proceeding.

9. Therefore, Plaintiff is an interested party pursuant to 19 U.S.C. §§ 1516a(f)(3) & 1677(9)(A). Plaintiff thus has standing to commence this action under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii), 28 U.S.C. §§ 2631(c) & 1581(c).

**TIMELINESS OF THIS ACTION**

10. Paragraphs 1 to 9 are re-alleged and incorporated herein by reference.

11. Commerce published the notice of the *Final Results* in the Federal Register on October 19, 2026. *See Final Results,* 91 Fed. Reg. 66,098.

12. Lucchini commenced this action by filing a summons on October 20, 2026, within 30 days after the date of publication of the *Final Results*.

13. Lucchini is filing this Complaint on November 17, 2026, within 30 days after the filing of the Summons, as required by Rule 3(a)(2) of the rules of this Court. *See* USCIT R.3(a)(2).

14. This action is therefore timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II), 28 U.S.C. § 2636(c), and Rule 3(a)(2) and 6(a) of this Court.

**STATEMENT OF FACTS**

15. Paragraphs 1 to 14 are re-alleged and incorporated herein by reference.

16. Commerce delayed for three months its response to Lucchini's request for additional time to submit the SAS version of its U.S. sales database, and wrongfully denied Lucchini's request for additional time to submit the database.

17. The statutory deadline for preliminary results in an administrative review is 245 days after the last day of the anniversary month of the underlying AD order and can be extended to 365 days after the last day of the anniversary to underlying order. *See* 19 U.S.C. § 1675(a)(3).

18. The preliminary results of the underlying administrative review were initially scheduled for October 3, 2025, extendable to January 31, 2026. During the conduct of this review, a government shut down from lack of funding tolled the deadline for the preliminary results a total of 68 additional days, *see Deadlines Affected by the Shutdown of the Federal Government* ("*Tolling Memo*") (Barcode 4848192); *Tolling of all Case Deadlines* ("*2nd Tolling Memo*") (Barcode 4849423), making a fully extended preliminary results due April 9, 2026.

19. On May 23, 2025, Commerce selected Lucchini as a mandatory respondent, and issued the AD questionnaire to Lucchini. Lucchini timely submitted its Section A Questionnaire Response on June 19, 2025. Lucchini also timely submitted its CDQR on July 10, 2025.

20. The Section C Exhibit List included as Exhibit C-1, "US Sales Database," identifying the format as "sas," with a summary of the US Sales Database (a description of variables in the data set) submitted in PDF format as Exhibit C-2. The first page of Lucchini's Exhibit C-1 submitted in PDF with the CDQR identified the SAS files as "LMAUS01.SAS7BDAT," was created on July 8, 2025, and listed the number of observations (1088) and variables (54) included in the database. The following three pages list the variables alphabetically, with the final 8 pages providing sales database information for every 50th

sequence number.

21. On August 21, 2025, Commerce extended the deadline for the preliminary results by 119 days to January 30, 2026.

22. On September 10, 2025, two months after Lucchini submitted its CDQR, Commerce contacted Lucchini's counsel regarding the US sales database, which Lucchini had submitted in summary form in PDF format as Exhibit C-1. Commerce inquired about the SAS file, which was inadvertently omitted from the CDQR, and requested that Lucchini submit the SAS file. Lucchini timely submitted a SAS file that its counsel believed contained the U.S. sales database. But, as Petitioner's pointed out in September 26, 2025 comments on Lucchini's CDQR, the SAS file Lucchini submitted was not the correct database.

23. Lucchini responded to Petitioners comments the next day, explaining that Lucchini was not at fault for the database error: counsel had confused files and submitted an incorrect SAS file – a cost database instead of the US sales database. A file mix up caused by two emails between an external consultant and Lucchini's counsel with links to different SAS files. Lucchini's counsel explained that no Lucchini personnel were involved in the confusion – it was between external consultants and outside counsel.

24. Lucchini's CDQR, however, had included as a PDF printout from the SAS file: a summary of the U.S. sales database (with every 50th observation), demonstrating that the database had been properly and timely created. Further, Commerce had discretion to accept the correct sales database based upon the "overriding purpose of Commerce's administration of antidumping laws … to calculate dumping margins as accurately as possible." *Yangzhou Bestpak Gifts & Crafts Co., Ltd. v. United States*, 716 F.3d 1370, 1379 (Fed. Cir. 2013)).

25. Moreover, because Commerce extended the time for the preliminary results to

January 30, 2026 – more than 4 months into the future – there was more than sufficient time for review of the US sales database by all interested parties and Commerce.

26. On September 29, 2025 – a full 4 months before the January 30, 2026 due date of the preliminary results – Lucchini formally submitted an out-of-time request for extension of time to submit the SAS file containing Lucchini's US sales database. Lucchini explained the good cause and extraordinary circumstances that support Commerce granting the extension to submit the US sales database SAS file. Lucchini highlighted its full cooperation in the review, including timely preparing or approving the US sales database, and the inadvertency and confusion on the part of its counsel being the sole reason the US sales database SAS file had not been submitted. Lucchini also pointed out that the inadvertent miscommunication and confusion among outside consultants and counsel could not have been anticipated by Lucchini, and Lucchini was not aware anything had gone awry with either the CDQR or the later SAS file submission. Finally, Lucchini highlighted that the US sales database SAS file created on July 8, 2025, for the July 10, 2025 CDQR filing "remains unaltered from the date Lucchini approved it for filing with the CDQR." Thus, the original file was available to submit a four full months before the preliminary results were due.

27. On October 1, 2025, the U.S. government shutdown due to lack of funding, reopening on November 13, 2025. On November 14, 2025, Commerce tolled deadlines by 47 days, and tolled deadlines by an additional 21 days on November 24, 2025, due to the backlog of submissions to Commerce awaiting processing. With the tolling, the preliminary results in the underlying review were due April 8, 2026. Thus, there remained 4 ½ months before the preliminary results, and up to 6 months more – a total of more than 10 more months – before the final results would be due.

28. Lucchini argued to Commerce that the 4 ½ months remaining before the preliminary results (and more than 10 months before the final results) of the administrative review was a relevant factor that Commerce should consider in deciding whether to accept the SAS version of Lucchini's U.S. sales database. *See Jindal Poly Films, Ltd. v. United States*, 794 F. Supp. 3d 1384, 1391-92 (Ct. Int'l Trade 2025) (*citing Timken*, 434 F.3d at 1353).

29. Commerce held a meeting with Lucchini on March 4, 2026 – 5 1/2 months after Lucchini's initial request for additional time to submit the SAS version of the U.S. sales database – in which "counsel reiterated arguments already on the record{} and again requested that Commerce allow Lucchini" to submit the SAS version of its U.S. Sales Database.

30. After waiting more than a week after that meeting for guidance from Commerce, and about a month before the *Preliminary Results* (and seven months before fully extended final results), Lucchini filed a second renewed request to extend the time for Lucchini to submit the correct SAS file, reiterating the arguments it had made previously and in the meeting with Commerce. Separately, Lucchini submitted the correct SAS file. A week later, on March 18, 2026, however, Commerce denied Lucchini's extension requests and directed that the correct SAS file that Lucchini had just submitted be rejected and removed from the administrative record.

31. On April 8, 2026, Commerce extended the preliminary results by one additional day, to April 9, 2026. The preliminary results issued on April 9, 2026, and published in the Federal Register on April 14, 2026. *See Forged Steel Fluid End Blocks From Italy: Preliminary Results and Rescission, in Part, of the Administrative Review of the Antidumping Duty Order; 2024*, 91 Fed. Reg. 19,107 (Dep't of Commerce April 14, 2026).

32. In the preliminary results, Commerce found "that necessary information is

missing from the record as it regards U.S. sales and that Lucchini withheld information requested by Commerce, failed to provide such information by the deadlines, and significantly impeded this proceeding." Consequently, Commerce decided that it would preliminarily rely upon facts otherwise available. Commerce further preliminarily decided to apply an adverse inference in selecting among facts otherwise available, concluding "that Lucchini failed to cooperate to the best of its ability when responding to Commerce's request for its U.S. sales database," and that "Lucchini failed to exert the maximum effort to respond to Commerce's request for the U.S. sales database." *Id.* at 11. Commerce further found that the record did not provide "access to the information from U.S. sales of subject merchandise during the POR."

33. Commerce preliminarily set Lucchini's AFA Rate at 21.97%. *Forged Steel Fluid End Blocks From Italy: Preliminary Results and Rescission, in Part, of the Administrative Review of the Antidumping Duty Order; 2024*, 91 Fed. Reg. 19,107 (Dept of Commerce April 14, 2026). This rate was almost double Lucchini's 11.71% calculated rate from the prior review, *Forged Steel Fluid End Blocks From Italy: Final Results of Antidumping Duty Administrative Review; 2023*, 91 Fed. Reg. 3416 (Dep't of Commerce Jan. 27, 2026), and almost 20 times Lucchini's 1.41% calculated rate from the review before that. *Forged Steel Fluid End Blocks From Italy: Final Results of Antidumping Duty Administrative Review; 2020-21*, 88 Fed. Reg. 55,010 (Dep't of Commerce Aug. 14, 2023).

34. With the fully extended final results due October 11, 2026. *See* 19 U.S.C. § 1675(a)(3)(A). Lucchini's initial out-of-time request to file the correct SAS file and request for a meeting with Commerce was submitted more than 6 months before the *Preliminary Results*, and more than a full year before fully-extended final results were due.

35. In Lucchini's May 12, 2026 case brief, Lucchini highlighted that a fully-extended

final was still 5 months in the future; thus, Commerce had time – and the discretion – to accept the original, correct SAS file and calculate an accurate dumping margin for Lucchini.

36. Lucchini also identified where on the record all the necessary U.S. sales data was available, and argued that if Commerce refused to accept the original, correct SAS file, Commerce should resort to facts available on the record to calculate Lucchini's margin.

37. Finally, Lucchini argued that AFA was not justified because Lucchini had acted to the best of its ability.

38. In response to Petitioners' argument that Commerce should punish Lucchini with the highest rate justifiable, Lucchini countered – without agreeing that AFA was appropriate – that Commerce has some discretion in determining AFA methodology. Further, when appropriate, applying partial AFA – as it had in the preliminary results – was within Commerce's discretion. In the *Final Results*, however, Commerce for the first time decided to punish Lucchini with the highest rate it felt it could justify – 58.48%. *See Final Results*, 91 Fed. Reg. at 66,099.

39. This appeal followed.

## <u>STATEMENT OF CLAIMS</u>

### <u>Count One</u>

40. Paragraphs 1 to 39 are re-alleged and incorporated herein by reference.

41. Commerce abused its discretion by denying Lucchini's request for additional time to submit the SAS version of its U.S. sales database because, among other things, Lucchini, itself, did not contribute in any way to the file mix up, the correction was simple, and significant time remained before the preliminary and final results of the administrative review.

**Count Two**

42. Paragraphs 1 to 41 are re-alleged and incorporated herein by reference.

43. Commerce's decision to apply AFA, despite Lucchini cooperating to the best of its ability, is not supported by substantial evidence or in accordance with law.

**Count Three**

44. Paragraphs 1 to 43 are re-alleged and incorporated herein by reference.

45. Commerce's selection of the AFA rate was unduly punitive and not otherwise supported by substantial evidence or in accordance with law.

**PRAYER FOR RELIEF AND JUDGMENT**

For the reasons stated above, Lucchini respectfully requests that the Court:

(a) enter judgment in Lucchini's favor;

(b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand this matter to Commerce for redetermination consistent with the Court's opinion; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Mark B. Lehnardt
Davis & Leiman
1012 Connecticut Ave., N.W., #1012
Washington, D.C. 20036
T. 202.642.4850
*Counsel to Plaintiff*

Dated: November 17, 2026